USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENEIDA DELVALLE,

           Plaintiff,

    -v.-

UNUM GROUP CORP. et al.,

           Defendants.

22 Civ. 07717 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

    Before the Court are Plaintiff Eneida DelValle's Motion for Summary Judgment on the ERISA Record, *see* ECF No. 42, and Defendants' Proposed Findings of Facts and Conclusions of Law, *see* ECF No. 41, both purportedly brought under Rule 52 of the Federal Rules of Civil Procedure. *See* ECF No. 42 at 1; ECF No 41 at 46.

    In this District, in ERISA cases, "[t]he general practice is to treat the parties' submissions as cross-motions for summary judgment and, if summary judgment is denied because material facts are in dispute, to conduct a bench trial with the Court acting as the finder of fact." *Kagan v. Unum Provident*, 775 F. Supp. 2d 659, 672 (S.D.N.Y. 2011). Indeed, the Court's Order setting the briefing schedule on the parties' contemplated motions referred exclusively to "summary judgment" motions—that is, the Court did not grant leave for the parties to submit pretrial memoranda or to move pursuant to Rule 52. *See* ECF No. 37.

    Accordingly, the Court could treat Plaintiff's motion as seeking summary judgment pursuant to Rule 56. However, Plaintiff did not file a statement of material undisputed facts, as

required by Local Rule 56.1 and Rule 5.K.iii of the Court's Individual Rules and Practices in Civil Cases.[1] Failure to submit such a statement is grounds to deny the motion. *See* L.R. 56.1.a.

For Defendants' part, their submission violates the Court's Individual Rule requiring parties to submit "*[j]oint* proposed findings of fact and conclusions of law" in non-jury cases. R. 7.D.i. (emphasis added). In any event, the Court may not consider proposed findings of fact at the summary judgment stage. *See O'Hara v. Nat'l Union Fire Ins. Co.*, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]he district court's task on a summary judgment motion—even in a nonjury case—is to determine whether genuine issues of material fact exist for trial, not to make findings of fact.").

In view of the foregoing, it is hereby ORDERED that Plaintiff's motion for summary judgment is denied without prejudice to renewal. It is further ORDERED that Defendants' submission seeking resolution of this case under Rule 52 is DENIED without prejudice to renewal.

By **September 19, 2024**, the parties shall file a joint proposed briefing schedule for any renewed motions. The Court will not countenance pretrial submissions in the renewed motions. Instead, the parties must propose a briefing schedule for any renewed motions for *summary judgment* under Rule 56. Any renewed motions shall comply with the applicable Local and Individual Rules governing motions for summary judgment and shall include, *inter alia*, Local Rule 56.1 statements of material undisputed facts.

The Clerk of Court is direct to terminate ECF No. 42.

---

[1] "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

SO ORDERED.

Dated: September 11, 2024
New York, New York

                                                    JENNIFER H. REARDEN
                                                    United States District Judge